**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 17-1077**

FIDELITY AND GUARANTY LIFE INSURANCE COMPANY,

       Plaintiff - Appellee,

v.

UNITED ADVISORY GROUP, INCORPORATED, d/b/a Qintera Financial Group; JOSEPH ROOSEVANS,

       Defendants - Appellants,

and

JAMES STODDARD,

       Defendant.

Appeal from the United States District Court for the District of Maryland, at Baltimore. J. Frederick Motz, Senior District Judge. (1:13−cv−00040−CCB)

Argued: December 6, 2017                 Decided: January 29, 2018

Before NIEMEYER, TRAXLER, and KEENAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

**ARGUED:** Scott Michael Swafford, SWAFFORD LAW LLC, Annapolis, Maryland, for Appellants. Priscilla Alden Donovan, DONOVAN & RAINIE, LLC, Baltimore,

Maryland, for Appellee. **ON BRIEF:** Daniel J. Donovan, DONOVAN & RAINIE, LLC, Baltimore, Maryland, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

This case, at its core, is a contractual dispute about whether and under what conditions must United Advisory Group, Inc., d/b/a Qintera Financial Group ("Qintera"), and its principals repay $500,000 that they borrowed from Fidelity & Guaranty Life Insurance Company ("Fidelity") to fund operating capital for an upstart business venture.

In August 2012, Fidelity loaned Qintera $500,000 to launch a multi-level marketing business in which Qintera would recruit agents, who themselves would recruit additional agents, to sell Fidelity life insurance policies to consumers, generating premiums for Fidelity and commissions for Qintera. Under the arrangement, if Qintera were to have sold an agreed number of policies, the loan would be forgiven; otherwise, by the end of 2014, Qintera would have to repay it.

Shortly after the loan was made, the arrangement fell apart, and in October 2012, Fidelity demanded immediate repayment of the loan. At that time, Qintera was getting its business up and running, although it was engaged in preparations to hire numerous agents. After Fidelity called the loan, Qintera's business collapsed. And because, among other reasons, Fidelity and Qintera disagreed about whether Fidelity was justified in accelerating repayment of the loan, the loan was never repaid.

Fidelity commenced this action, in diversity, against Qintera and two of its principals, Joseph Roosevans and James Stoddard, both of whom signed the loan documents, for breach of contract and unjust enrichment, seeking recovery of the $500,000 principal amount. Qintera filed a counterclaim against Fidelity for breach of

3

contract in accelerating the loan and for tortiously interfering with its prospective business opportunities.

Following a four-day jury trial, the district court granted Fidelity's motion for judgment as a matter of law on Qintera's counterclaims. The jury then returned a verdict in favor of Fidelity in the amount of $500,000, assessing $342,033 against Qintera, $137,758 against Roosevans, and $20,208 against Stoddard. Qintera and Roosevans appealed, charging the district court with numerous errors during the course of the trial and in granting judgment as a matter of law on Qintera's counterclaims.

Having carefully reviewed the record and the parties' briefs and having considered fully their arguments, we are satisfied that none of the errors charged to the district court warrants reversal. Broadly, the jury was justified in concluding, as a factual matter, that Roosevans was unjustly enriched by the amount of $137,758. Evidence was presented to support a finding that he used $137,758 of the borrowed funds for ventures not anticipated by the parties' agreement. Moreover, the district court correctly concluded that Qintera had failed to present sufficient evidence of damages in connection with its tortious interference claim and that Fidelity was entitled, by the terms of the agreement between the parties, to accelerate repayment of the loan, as it did. Accordingly, we affirm the judgment of the district court.

AFFIRMED